**ERICK L. GUZMAN**
California Bar No. 244391
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
Telephone: (619) 234-8467
Erick_Guzman@fd.org

Attorneys for Mr. Escobedo

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE ROGER T. BENITEZ)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>**MIGUEL ESCOBEDO-GONZALEZ,**<br>Defendant. | ) | Case No. 07CR3022-BEN<br><br>DATE: December 10, 2007<br>TIME: 9:00 A.M.<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION |

## I.

## STATEMENT OF FACTS

On July 11, 2007, was apprehended, with seven other individuals, in an area known as "BLM" gate, which is one mile north, and three miles east, of the international border. At approximately 12:00 A.M., Border Patrol agents contacted Mr. Escobedo and questioned him. Mr. Escobedo was not read his *Miranda* rights until 3:58 A.M. At this point, he was advised of his consulate rights, which he invoked. Mr. Escobedo was allowed to attempt to contact the Mexican Consulate, but was unable to at that time. Mr. Escobedo was then questioned, without speaking with his consulate representative.

///

///

///

## II.

## MOTION TO COMPEL FURTHER DISCOVERY/PRESERVE EVIDENCE

### A. Mr. Escobedo Is Entitled To Discovery Of His Statements.

Pursuant to Rule 16(a)(1)(A), Brady v. Maryland, 373 U.S. 83 (1963), and the Fifth and Sixth Amendments to the United States Constitution, Mr. Escobedo requests disclosure of any statements, whether oral, written, or recorded made by him which are in the possession, custody, or control of the government, or which by exercise of the required due diligence may become known to the government, regardless of to whom made. This includes copies of any written or recorded statements he made; the substance of any statements made by Mr. Escobedo which the government intends to offer in evidence at trial.

Mr. Escobedo also specifically requests that all arrest reports generated by the Border Patrol or the Immigration and Naturalization Service which relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, **any rough notes, records, recordings (audio or visual), reports, transcripts or other documents in which statements of Mr. Escobedo are contained**. It also includes the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). See also United States v. Johnson, 525 F.2d 999 (2d Cir. 1975); United States v. Lewis, 511 F.2d 798 (D.C. Cir. 1975); United States v. Pilnick, 267 F. Supp. 791 (S.D.N.Y. 1967); Loux v. United States, 389 F.2d 911 (9th Cir.), cert. denied, 393 U.S. 867 (1968).

Mr. Escobedo also requests any response to any Miranda warnings which may have been given to him by either the Border Patrol or by the INS, on the date of his arrest. See United States v. McElroy, 697 F.2d 459 (2d Cir. 1982).

### B. Prior Convictions Or Prior Similar Acts.

Rule 16(a)(1)(B) of the Federal Rule of Criminal Procedure, provides that "upon request of the defendant, the government shall furnish to the defendant such copy of his prior criminal record, if any, as is within the possession, custody, or control of the government . . . ."

**1. Past Arrests and Convictions**

Mr. Escobedo requests all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions. Specifically, Mr. Escobedo requests:

– all documents and tapes relating to ***any deportation***, including the warrant of deportation, the order to show cause, and the order of deportation.[1]

Additionally, Mr. Escobedo requests the right to review his "A-file" at the earliest convenience of the Government.

**2. Prior Similar Acts**

Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. Mr. Escobedo requests the government be ordered to provide discovery of any prior similar acts which the government intends to introduce into evidence pursuant to Fed. R. Evid. 404(b). Mr. Escobedo must have access to this information in order to make appropriate motions to exclude the use of such evidence at trial. See United States v. Cook, 608 F.2d 1175 (9th Cir. 1979), cert. denied, 444 U.S. 1034 (1980).

In addition, Mr. Escobedo expressly requests a pre-trial conference to resolve any issues raised by the government's intention of introducing evidence pursuant to Fed. R. Evid. 404 and 609.

**C. Mr. Escobedo Is Entitled To Examine The Evidence The Government Intends To Rely Upon At Trial.**

Rule 16(a)(1)(C) authorizes Mr. Escobedo to inspect and copy or photograph all books, papers, documents, photographs, and tangible objects which are in the possession, custody or control of the government and which are material to the preparation of the defense or intended for use by the government as evidence in it's case during trial.

**1. Evidence Seized**

Specifically, Mr. Escobedo requests the opportunity to inspect and photograph all evidence seized from Mr. Rubio-Olmeda's person and clothing as well as all fingerprint analysis done on any of the evidence

---

[1] Mr. Escobedo contends that because the government has not alleged a particular deportation in the indictment as a predicate to § 1326 prosecution, he should thus be entitled to discovery on ***any*** deportation that the government may raise.

in this case, all identification procedures utilized by the government agents, as well as any vehicles which may be involved.

Mr. Escobedo requests all evidence seized as a result of any search, either warrantless or with a warrant, in this case. This is available under Fed. R. Crim. P. 16(a)(1)(C); and any books, papers, documents, photographs, tangible objects, or copies or portions thereof which the government intends to use as evidence-in-chief at trial.

**2. <u>Government Reports, Memos and/or Tapes</u>**

Mr. Escobedo requests all arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Escobedo and available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I). Mr. Escobedo specifically requests that all dispatch tapes or any other audio or visual tape recordings which exist and which relate in any way to his case and or his arrest be preserved and provided in their entirety.

Specifically, Mr. Escobedo requests a copy of the audiotape of ***any*** deportation hearing, as well as a transcript of any such proceeding.

**3. <u>All Other Documents and Tangible Objects</u>**

Mr. Escobedo requests all other documents and tangible objects, including clothing, notes, books, papers, documents, photographs, and copies of any such items which were obtained from or belong to Mr. Escobedo, or which are discovered.

**D. <u>Mr. Escobedo Is Entitled To All Evidence Tending To Affect The Credibility Of The Prosecution's Case</u>.**

Pursuant to <u>Brady v. Maryland</u>, 373 U.S. 383 (1963), <u>United States v. Agurs</u>, 427 U.S. 97 (1976), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972), Mr. Escobedo requests the Court order the government to immediately disclose all evidence in its possession favorable to Mr. Escobedo on the issue of guilt and which tends to affect the credibility of the prosecution's case. This request specifically includes any impeaching evidence such as the prior records, of any material witnesses in this case. This request also includes any expressed or implied promises made by the government to any material witnesses in exchange for their testimony in this case. <u>See, e.g.</u>, <u>United States v. Bagley</u>, 105 S. Ct. 3375 (1985); <u>Napue v. Illinois</u>, 360 U.S. 264 (1959); <u>United States v. Gerard</u>, 491 F.2d 1300 (9th Cir. 1974).

The defense requests any and all evidence including but not limited to:

(1) any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir.), cert. denied, 489 U.S. 1032 (1988); United States v. Brumel-Alvarez, 991 F.2d 1452 (9th Cir. 1993) (Ninth Circuit Court reversed Judge Gilliam for failure to turn over the "Levine Memorandum" which contained information critical about a government witness);

(2) any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction. See Rule 608(b), Federal Rules of Evidence and Brady; any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.), cert. denied, 474 U.S. 945 (1985);

(3) any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

(4) the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses).

(5) the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d, 1453 (9th Cir. 1984)

(6) the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

**E. Mr. Escobedo is Entitled To Any Information That May Result In A Lower Sentence Under The Guidelines.**

This information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines;

**F. The Defense Requests The Preservation Of All Evidence.**

Mr. Escobedo specifically requests that all tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, any samples (including but not limited to blood, urine, or narcotics) used to run any scientific tests, and any evidence seized from any third party.

It is also requested that the government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence;

**G. The Defense Requests All *Jencks* Material.**

The defense requests all material to which Mr. Escobedo is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including audio and visual tape recordings, such as dispatch tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview, the notes are then subject to the Jencks Act.

**H. Mr. Escobedo Requests All The Personnel Records Of Government Officers Involved In The Arrest.**

Mr. Escobedo requests all citizen complaints and other related internal affairs documents involving any law enforcement officers who were involved in the investigation, arrest, and interrogation of him,

pursuant to Pitchess v. Superior Court, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel is unable to secure them from any other source.

## III.

## MR. ESCOBEDO REQUESTS LEAVE TO FILE FURTHER MOTIONS

To date, Mr. Escobedo and defense counsel have received twenty-eight pages of discovery from the government. As new information comes to light, the defense may find it necessary to file further motions. Mr. Escobedo hereby requests leave to do so.

## IV.

## CONCLUSION

For the foregoing reasons, Mr. Escobedo respectfully requests that the Court grant the above motions.

Respectfully submitted,

DATED: November 27, 2007

/s/ ERICK L. GUZMAN
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Escobedo
Erick_Guzman@fd.org