KAREN P. HEWITT
United States Attorney
CHRISTOPHER A. OTT
Assistant U.S. Attorney
California State Bar No. 235659
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6563

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. MIGUEL ESCOBEDO-GONZALEZ, Defendant. | ) | Criminal Case No. 07CR3022-BEN<br><br>Date: December 10, 2007<br>Time: 2:00 p.m.<br><br>**UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO**<br><br>**1) COMPEL DISCOVERY AND PRESERVE EVIDENCE;**<br>**ALONG WITH UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY AND FINGERPRINT EXEMPLARS**<br><br>**TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES** |

COMES NOW, the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and CHRISTOPHER A. OTT, Assistant United States Attorney, and hereby files its Response and Opposition to Defendant's above-referenced motions. This Response and Opposition is based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

//

//

//

//

**I**

**STATEMENT OF THE CASE**

On November 7, 2007, a federal grand jury in the Southern District of California returned a 1-count indictment against Defendant Miguel Escobedo-Gonzalez ("Defendant"). The Indictment charges Defendant with one count of being a previously deported alien attempting re-entry into the United States, in violation of 8 U.S.C. § 1326. Defendant was arraigned on November 8, 2007.

On November 27, 2007, Defendant filed the above-captioned motions. The United States files the following response.

**II**

**STATEMENT OF FACTS**

On August 20, 1962, Defendant was born in Mexico. He then entered the United States illegally and began committing crimes. On or about November 5, 1993, Defendant was convicted of beating his girlfriend. He received 36-months of probation. On or about October 12, 1994, Defendant was convicted of hit and run causing serious injury. On or about January 23, 1998, Defendant was convicted for intimidating a witness. On November 16, 1998, Defendant was deported. He immediately returned illegally. On or about June 11, 1999, Defendant was convicted for driving under the influence, for which he received a 3-year sentence. On December 7, 2001, Defendant was again deported.

On July 11, 2007, Border Patrol Agents Contreras and Anzelmo were informed that a group of 8 individuals was seen moving northward from the international boundary fence in an area known as "BLM Gate." This are is about 3 miles east of the Otay Mesa Port of Entry. United States Border Patrol Agent Vela witnessed the entry. Defendant was encountered at approximately 12:05 am. When Agents Contreras and Anzelmo apprehended Defendant and the seven other illegal entrants, Defendant admitted to being a Mexican citizen and having no documents to enter.

Defendant waived his Miranda rights on videotape and approximately 3:58 am. Defendant admitted to being a previously deported Mexican National who had no permission to enter and had entered voluntarily and knowingly on this occasion.

//

//

**III**

**THE UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY ALONG WITH MEMORANDUM OF POINTS AND AUTHORITIES.**

The United States has and will continue to fully comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (19 U.S.C. § 3500), and Rule 16 of the Federal Rules of Criminal Procedure. The United States has already produced more than 50 pages of discovery to defense counsel including investigative reports and tapes of Defendant's statements. Nevertheless, Defendant makes a series of discovery requests. The following is the United States' response to Defendant's various discovery requests.

1. Statements of Defendant

The United States has already produced reports and tapes disclosing the substance of Defendant's oral and written statements. The United States will continue to produce discovery related to Defendant's statements made in response to questions by agents. Relevant oral statements of Defendant are included in the reports already provided.

2. Arrest Reports, Notes and Dispatch Tapes

The United States has provided the Defendant with all arrest reports. To the United States' knowledge, no dispatch tapes exist.

3. Brady Material

Again, the United States is well aware of and will continue to perform its duty under Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976) to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendant, however, is not entitled to all evidence known or believed to exist which is, or may be, favorable to the accused, or which pertains to the credibility of the United States' case. As stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980), it must be noted that:

> [T]he prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality. [Citation

omitted.]

Id. at 774-775.

The United States will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

Although the United States will provide conviction records, if any, which could be used to impeach a witness, the United States is under no obligation to turn over the criminal records of all witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976), cert. denied, 429 U.S. 1074 (1977). When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

Finally, the United States will continue to comply with its obligations pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

4. Sentencing Information

Defendant claims that the United States must disclose any information affecting Defendant's sentencing guidelines because such information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). The United States respectfully contends that it has no such disclosure obligation under Brady.

The United States is not obligated under Brady to furnish a defendant with information which he already knows. United States v. Taylor, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986). Brady is a rule of disclosure, and therefore, there can be no violation of Brady if the evidence is already known to the defendant. In such case, the United States has not suppressed the evidence and consequently has no Brady obligation. See United States v. Gaggi, 811 F.2d 47, 59 (2d Cir. 1987).

But even assuming Defendant does not already possess the information about factors which might affect his guideline range, the United States would not be required to provide information bearing on Defendant's mitigation of punishment until after Defendant's conviction or plea of guilty and prior to his sentencing date. See United States v. Juvenile Male, 864 F.2d 641, 647 (9th Cir. 1988) ("No [Brady] violation occurs if the evidence is disclosed to the defendant at a time when the disclosure remains in value."). Accordingly, Defendant's demand for this information is premature.

5. Defendant's Prior Record and Rule 404(b)

The United States has already provided Defendant with a copy of his criminal record in accordance with Federal Rule of Criminal Procedure 16(a)(1)(B).

6. Proposed 404(b) Evidence

The United States notes that Defendant has multiple incidents of beating women at the place of his arrest in the instant case. These instances and their underlying facts will be introduced to prove the identity, motive and absence of mistake in this case. Therefore, Defendant should be on notice that the United States intends to introduce the fact of this conviction, as well as its underlying facts f the various arrests, as Rule 404(b) evidence. He should further be on notice that it will be used as Rule 608 and 609(b) evidence should he elect to take the stand. Defendant's rape conviction will be used as Rule 608 and 609(b) evidence should he elect to take the stand.

7. Evidence Seized

Copies of all seized evidence have been produced in discovery. The United States has, and will continue to comply with Rule 16(a)(1)(C) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or are intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs.

The United States, however, need not produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

8. Preservation of Evidence

There is very little evidence in this 1326 case. To the extent that any has been encountered (only the driver's license comes to mind) it will be preserved.

9. Henthorn

The government is endeavoring to comply fully with its Henthorn obligations.

10. Tangible Objects

Again, the United States is well aware of and will fully perform its duty under Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976), to disclose

exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendant, however, is not entitled to all documents known or believed to exist, which is, or may be, favorable to the accused, or which pertains to the credibility of the United States' case.

11. Expert Witnesses

Defendant should be on notice that the United States will introduce the expert testimony of a fingerprint expert. The CV of that expert will be provided as soon as one is chosen.

12. Impeachment and Evidence of Bias

The United States will review its evidence for any such bias.

13. Impeachment and Evidence of Criminal Investigation

As stated previously, the United States will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

14. Evidence of Criminal Investigation of Government Witness

Defendants are not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities. The Government is under no obligation to turn over the criminal records or rap sheet of its potential witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976), cert. denied, 429 U.S. 1074 (1977).. The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the Government intends to call in its case-in-chief. When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

15. Bias or Motive to Lie

The United States is unaware of any evidence indicating that a prospective witness is biased or prejudiced against Defendant. The United States is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony.

16. Evidence Affecting Perception

The United States is unaware of any evidence indicating that a prospective witness has a perception, recollection, communication, or truth telling problem.

//

17. Witnesses Addresses

The United States would be happy to work with defense counsel to arrange interviews of all prospective governmental witnesses. The United States will not, however, disclose the home addresses of law enforcement personnel to a multiple felon.

18. Witnesses Favorable to Defendant

The United States is unaware of any witnesses favorable to the Defendant. If any appear, the United States will comply with its ongoing discovery obligations.

19. Statements Favorable to Defendant

There are none. If any appear, they will be disclosed.

20. Jencks Act Material

As stated previously, the United States will comply with its obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963), United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and the Jencks Act.

21. Giglio Information

As stated previously, the United States will comply with its obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and Giglio v. United States, 405 U.S. 150 (1972).

22. Discovery Related to Informants or Cooperating Witnesses

The United States is not aware of any informants or cooperating witnesses in this case.

23. Personnel Records of Testifying Witnesses

Defendant has no right to discovery of these private personnel files. Screening will be done pursuant to the United States' Henthorn obligations but no disclosure of the actual files will be made.

24. Scientific Tests and Expert Witnesses

The United States will provide the results of the fingerprint examinations as soon as they are available.

25. Residual Request

As it is overbroad, the United States will not comply with this request.

## IV

## UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY

1. Rule 16(b)

Defendant has invoked Federal Rule of Criminal Procedure 16(a) in his motion for discovery and the United States has already voluntarily complied with the requirements of Federal Rule of Criminal Procedure 16(a). Therefore, Rule 16(b) should presently be determined to be operable as to Defendant.

The United States, pursuant to Rule 16(b), hereby requests that Defendant permit it to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody, or control of Defendant and which he intends to introduce as evidence in his case-in-chief at trial. The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which he intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom Defendant intends to call as a witness. The United States also requests that the Court make such orders as it deems necessary under Rule 16(d)(l) and (2) to insure that the United States receives the discovery to which it is entitled.

2. Rule 26.2

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses, except any statement of Defendant. The rule provides for the reciprocal production of Jencks statements. The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. This order should include any form these statements are memorialized in, including, but not limited to, tape recordings, handwritten or typed notes, and/or reports.

## V

## UNITED STATES' MOTION FOR FINGERPRINT EXEMPLARS

As part of its case, the United States must prove that Defendant was previously deported from

the United States. To prove this element, the United States anticipates calling a certified fingerprint examiner to testify that Defendant is the individual whose fingerprint appears on the warrants of deportation and other deportation documents. Defendant has indicated that he will stipulate that the prints taken at the time of his arrest were his. However, if he backs out, the United States will need an order to get this important aspect of the case done.

## VI

## CONCLUSION

For the above stated reasons, the United States respectfully requests that Defendant's motions be denied.

DATED: December 7, 2007

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s Christopher A. Ott
CHRISTOPHER A. OTT
Assistant U.S. Attorney

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Criminal Case No. 07CR3022-BEN** |
| **Plaintiff,** | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| **v.** | ) | |
| **MIGUEL ESCOBEDO-GONZALEZ,** | ) | |
| **Defendant.** | ) | |

IT IS HEREBY CERTIFIED that:

I Christopher A. Ott, , am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of THE UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Erik Guzman, Esq.

A hard copy is being sent to chambers.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 7, 2007

/s Christopher A. Ott
CHRISTOPHER A. OTT